UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NICHOLAS NESBETH,

                  Plaintiff,

    -against-

NEW YORK CITY MANAGEMENT LLC; CITY PROPERTY MANAGEMENT; NEW YORK CITY PROPERTY MANAGEMENT LLC; CITY PROPERTY MANAGEMENT & DEVELOPMENT, INC.; SIMSI ADVISORS, INC.; AIMCO; AIMCO, INC.; AIMCO PROPERTIES; HAMILTON HEIGHTS; HAMILTON HEIGHTS CLUSTERS; HAMILTON HEIGHTS CLUSTER ASSOCIATES, L.P.; HAMILTON HEIGHTS ASSOCIATES LP; THE BESEN GROUP; BESEN GROUP INVESTMENT REALTY; BESEN RETAIL LLC; BESEN & ASSOCIATES INC.; BESEN CAPITAL LLC; BESEN RESIDENTIAL LLC; and Individually and Jointly SANJAY GANDHI, MICHAEL BESEN and NANCY BLACK.

                  Defendants.

Docket No: 1:17-cv-08650-ER

**AMENDED MEMORANDUM
IN SUPPORT OF BESEN DEFENDANTS' MOTION TO DISMISS**

1

**TABLE OF CONTENTS**

I.    FACTUAL BACKGROUND…………………………………………………………...5

II.   PROCEDURAL BACKGROUND……………………………………………………...5

III.  LEGAL STANDARD…………………………………………………………………...7

IV.   ARGUMENT…………………………………………………………………………….8

      A.    Court Does Not Have Jurisdiction……………………………………………..9

      B.    Complaint Names Non-Existent and/or Unrelated Entities……………………..10

      C.    Improper Use of Group Pleadings…………………………………………….11

      D.    Failure to State a Claim Under the Rehabilitation Act…………………………..13

      E.    Inconsistent Allegations……………………………………………………….13

      F.    No Individual Liability………………………………………………………..14

      G.    Failure to State Claims in Violation of FMLA………………………………..15

V.    CONCLUSION……………………………………………………………………….16

**TABLE OF AUTHORITIES**

STATUTES AND PROCEDURAL RULES

29 U.S.C. § 2615…………………………………………………………………………………15

Fed. R. Civ. P. 8(a)(2)……………………………………………………………………………..7

Fed. R. Civ. P. 11………………………………………………………………………………...10

Fed. R. Civ. P. 12(b)(6)………………………………………………………………………...5, 7

CASES

*Alexander v. Bd. of Educ. of City Sch. Dist. of New York*
107 F. Supp. 3d 323, 328 (S.D.N.Y. 2015)……………………………………………………...15

*Am. Sales Co. v. AstraZeneca AB*
2011 U.S. Dist. LEXIS 41182 (S.D.N.Y.), *14 (Apr. 14, 2011, Castel, J.)……………………..12

*Ashcroft v. Iqbal*
129 S. Ct. 1937 (2009)………………………………………………………………………..8, 13

*Barton v. Barbour*
104 U.S. 126 (1881)………………………………………………………………………………9

*Bell Atlantic Corp. v. Twombly*
550 U.S. 544, 555 (2007)………………………………………………………………………7, 8

*Capitol Terrace, Inc. v. Shannon & Luchs, Inc.*
564 A.2d 49 (D.C. 1989)…………………………………………………………………………9

*Darcy v. Lippman*
2008 U.S. Dist. LEXIS 18170 (S.D.N.Y.), *11 (Mar. 7, 2008, Wood, J.)………….…………..14

*F.T.C. v. Tax Club, Inc.*
994 F. Supp. 2d 461, 469 (S.D.N. Y. 2014)………………………………………..……………11

*Harris v. Mills*
478 F. Supp. 2d 544, 547-48 (S.D.N.Y. 2007)…………………………………………………..14

*Holmes v. All State Corp.*
2012 U. S. Dist. LEXIS 24883 (S.D.N.Y.), *78 (Jan. 27, 2012, Freeman, J.)…………………..11

*In re Aluminum Warehousing Antitrust Litig.*
2014 U.S. Dist. LEXIS 121435 (S.D.N.Y.), *129-130 (Aug. 29, 2014, Forrest, J.)…………….11

*In re Elevator Antitrust Litig.*
502 F.3d 47, 50 (2d Cir. 2007)……………………………………………………………...12

*In re Lehal Realty Associates*
101 F.3d 272 (2d Cir. 1996)……………………………………………………………………….9

*In re Zinc Antitrust Litig.*
155 F. Supp. 3d 337, 384 (S.D.N.Y. 2016)…………………………………………………...11

*Kendall v. Cuomo*
2013 U.S. Dist. LEXIS 140113 (SDNY), *17 (Sep. 17, 2013, *Carter, J.*)………………………..5

*Krimstock v. Kelly*
306 F.3d 40, 47 (2d Cir. 2002)……………………………………………………………….7

*Maccharulo v. Gould*
643 F. Supp. 2d 587, 601 (2009)…………………………………………………………..…13

*Nelson v. City of New York*
2013 U.S. Dist. LEXIS 117742 (S.D.N.Y.), *47 (Aug. 19, 2013, Oetken, J.)………………......15

*Perry v. NYSARC, Inc.*
424 Fed. Appx. 23, 25 (2d Cir. N.Y. 2011)………………………………………………11, 14

*Spiegel v. Schulmann*
604 F.3d 72, 79 (2d Cir. 2010)……………………………………………………………..15

*Tenay v. Culinary Teacher's Ass'n of Hyde Park, New York, Inc.*
225 F.R.D. 483, 486-87 (S.D.N.Y. 2005)…………………………………………………..10

*Warmin v. New York City Dept' of Educ.*
2018 U.S. Dist. LEXIS 47518 (S.D.N.Y.), *31 n.10 (Mar. 22, 2018, Failla, J.)……………..14-15

*Zlotnick v. Hubbard*
572 F. Supp. 2d 258, 274 (N.D.N.Y. 2008)…………………………………………………...10

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants New York City Property Management LLC, Simsi Advisors, Inc., Besen Group, Besen Group Investment Realty, Besen Retail LLC, Besen & Associates Inc., Besen Capital LLC, Besen Residential LLC, Michael Besen, Sanjay Gandhi and Nancy Black (collectively referred to hereinafter as "Besen Defendants"), hereby submit this memorandum of law in support of their Motion to Dismiss Plaintiff's Complaint.

I.  FACTUAL BACKGROUND

Plaintiff, Nicholas Nesbeth, alleges that he was hired by Defendant Hamilton Heights Cluster Associates L.P. ("HHCA"), as a Porter, in or about August 2010. (Complaint, attached to the Declaration of Stacey Pitcher as Exhibit "A," ¶¶ 64-65.) On July 8, 2015, a receiver was appointed by court order to manage a number of properties owned by HHCA, including the building(s) cleaned by Plaintiff. (Order, attached to the Declaration of Stacey Pitcher as Exhibit "B.")[1] That same court order also appointed Michael Besen, Besen & Associates/NYC Management to manage the properties. *Id.* Plaintiff alleges that he stopped working for Defendants in or around January 20, 2016 and did not return to work. (Exhibit "A," ¶¶ 144, 187.) Now, Plaintiff claims that he was denied overtime compensation and was terminated because of his disability and in retaliation for taking medical leave and for requesting overtime compensation.

II.  PROCEDURAL BACKGROUND

In or about July 2016, Plaintiff dual-filed a complaint with the New York State Division of Human Rights ("NYSDHR") and the Equal Employment Opportunity Commission ("EEOC")

---

[1] This Court can take judicial notice of this Court Order. *Kendall v. Cuomo*, 2013 U.S. Dist. LEXIS 140113 (SDNY), *17 (Sep. 17, 2013, *Carter, J.*).

against New York City Management, LLC.  (Exhibit "A," ¶¶ 52-53.)  However, Plaintiff claims that the NYSDHR would not permit the charge against multiple respondents, so the Charge was withdrawn and, in November 2016, a new charge was filed with the EEOC against the Defendant Companies and was then dual-filed with the NYSDHR.  *Id.* at ¶¶ 54-58.

On August 21, 2017, Plaintiff Nicholas Nesbeth filed a wage and hour action against, amongst others, Besen Group, Docket No. 1:17-cv-06345 ("First Action").  On November 7, 2017, Nicholas Nesbeth filed the present action against Besen Group, amongst others, alleging various claims, including wage and hour claims.  Plaintiff is represented by different counsel in the two actions.  As Plaintiff was asserting identical wage and hour claims in both pending actions, defense counsel requested that Plaintiff either withdraw the First Action or amend the Complaint in the present action to withdraw the wage and hour claims.  Plaintiff's counsel in the present action has represented to defense counsel that Plaintiff desires to withdraw the First Action and pursue his wage and hour claims in the present action.  To that end, Plaintiff's counsel has represented that Plaintiff wishes to enter a Stipulation of Dismissal of the First Action.  However, on April 6, 2018, counsel for Plaintiff in the First Action filed a Motion to Withdraw their Appearance and seeking an order acknowledging their charging lien.  That motion has not yet been decided.  It is the undersigned's understanding that, if counsel's Appearance is withdrawn, Plaintiff will *pro se* enter into the Stipulation of Dismissal.  In the event that the First Action is not dismissed, the wage and hour claims in the present action will remain duplicative and improper.  Thus, if the First Action is not dismissed, the Besen Defendants reserve their right to move to dismiss the Eighth, Ninth, Thirteenth and Fourteenth Causes of Action contained in the present action.

The Complaint in the present action is asserted against twenty-one defendants and contains fifteen causes of action. The First, Second, Third, Fourth, Tenth, Eleventh, Fourteenth and Fifteenth Causes of Action set forth claims of disability discrimination and retaliation in violation of the Rehabilitation Act, Americans with Disabilities Act ("ADA"), New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"), respectively. The Fifth, Sixth and Seventh Causes of Action set forth claims of interference, discrimination and retaliation in violation of the Family Medical Leave Act ("FMLA"). The Eighth, Ninth, Twelfth and Thirteenth Causes of Action set forth claims for unpaid overtime compensation and retaliation in violation of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). The Complaint does not specify which Causes of Action are being asserted against which defendants.

Following the telephonic conference in the present action, the undersigned has sent numerous correspondence to Plaintiff's counsel requesting that the claims against certain defendants be withdrawn and that the Complaint be amended to provide additional necessary detail. Despite these efforts, Plaintiff has refused to withdraw as to any parties or to make any amendment.

III.     LEGAL STANDARD

A motion to dismiss may be brought on the grounds of lack of failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6); *Krimstock v. Kelly*, 306 F.3d 40, 47 (2d Cir. 2002). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), the United States Supreme Court clarified that Rule 8 demands more than an unadorned accusation that the defendant unlawfully harmed the

plaintiff.  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.*  Nor does a complaint suffice if it provides "naked assertion[s]" devoid of "further factual enhancement."  *Id.* at 557.  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Id.* at 570.  A claim has facial plausibility when it contains factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Id.* at 556.  Only a complaint that states a plausible claim for relief survives a motion to dismiss.  *Id.*

The Supreme Court then expanded the holding of *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).  First, it clarified that legal conclusions are not entitled to any assumption of truth for the purposes of a motion to dismiss.  *Id.* at 1950.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  *Id.* at 1949, *citing Twombly* at 555.  Second, the Court stated that courts should analyze whether the well-pleaded, non-conclusory factual allegations gave rise to a "plausible suggestion" of claims alleged.  *Id.*  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Id.* at 1949, *citing Twombly* at 557.

IV.   <u>ARGUMENT</u>

The Complaint should be dismissed in its entirety for a number of reasons.  First, it should be dismissed as to the Besen Defendants because Plaintiff failed to seek leave of the appointing court to bring this action against them.  Second, the Complaint should be dismissed as to Besen Group Investment Realty, The Besen Group, Besen Retail LLC, Besen Capital LLC, Besen Residential LLC, and Simsi Advisors Inc. on the ground that they have no legal existence

and/or no relation to this action. Third, it should be dismissed as it improperly uses group pleading and fails to allege facts necessary to satisfy various statutory thresholds. Fourth, the First and Second Causes of Action should be dismissed as to the Besen Defendants because the Complaint fails to set forth factual allegations that they received federal funding and/or assistance required to state a claim for violation of the Rehabilitation Act. Fifth, the numerous inconsistent allegations in the Complaint are not entitled to an assumption of truth and, without those allegations, Plaintiff fails to stat a claim upon which relief may be granted. Sixth, the First through Fourth Causes of Action should be dismissed as to the individual defendants as there is no individual liability under the Rehabilitation Act and the ADA. And, finally, the two of the three identical claims under the FMLA should be dismissed.

A. <u>Court Does Not Have Jurisdiction</u>

The Complaint should be dismissed as to the Besen Defendants because this Court does not have jurisdiction to hear it. On July 8, 2015, a receiver was appointed by court order to manage a number of properties owned by Hamilton Heights Cluster Associates, L.P., including the building(s) cleaned by Plaintiff. (Exhibit "B.") That same court order also appointed Michael Besen, Besen & Associates/NYC Management to manage the properties. *Id.* Thus, at all times, the Besen Defendants were acting within their court-appointed authority. It is well-settled that an individual must obtain leave from the appointing court prior to suing a receiver for acts taken within the scope of its official duties. *In re Lehal Realty Associates*, 101 F.3d 272 (2d Cir. 1996), *citing Barton v. Barbour*, 104 U.S. 126 (1881). Indeed, this principle has been extended to numerous court-appointed authorities. *See Capitol Terrace, Inc. v. Shannon & Luchs, Inc.*, 564 A.2d 49 (D.C. 1989). Because NYC Management was appointed by court order to manage the properties, Plaintiff was required to obtain leave from the appointing authority

9

prior to filing this Complaint against the Besen Defendants. Plaintiff failed to do so. Therefore, the Complaint should be dismissed as to the Besen Defendants.

        B.      <u>Complaint Names Non-Existent and/or Unrelated Entities</u>

The Complaint is asserted against twenty-one different defendants, some of which have no legal existence and other which have no relation to the present case. Frankly, it is hard to believe that, prior to filing the present action, counsel complied with the obligations imposed by Rule 11. *Zlotnick v. Hubbard*, 572 F. Supp. 2d 258, 274 (N.D.N.Y. 2008) (imposing Rule 11 sanctions for having sued the wrong defendants without conducting a reasonable inquiry); *Tenay v. Culinary Teacher's Ass'n of Hyde Park, New York, Inc.*, 225 F.R.D. 483, 486-87 (S.D.N.Y. 2005) (same).

The Complaint should be dismissed as to Besen Group Investment Realty, The Besen Group, Besen Retail LLC, Besen Capital LLC, Besen Residential LLC, and Simsi Advisors Inc. on the ground that they have no legal existence and/or no relation to this action. Besen Group Investment Realty is a name/phrase that appears on Besen Group's website, but it is not an entity in legal existence. Notably absent from the Complaint are any allegations as to under what law it was formed, or in what jurisdiction it was registered or licensed, and there is no available evidence substantiating its legal existence. To the contrary, there is no listing for Besen Group Investment Realty on the New York Secretary of State's Corporation & Business Entity Database. (Declaration of Stacey Pitcher, ¶ 5.) Therefore, the Complaint should be dismissed as to Besen Investment Realty.

The Complaint alleges that all of the Besen Defendants were hired to manage and/or oversee the properties. (Exhibit "A," ¶¶ 81-82.) To the contrary, as set forth in the attached court order, the only business entities that were appointed as property managers for the

properties in question are New York City Management, LLC and Besen & Associates. (Exhibit "B.") As set forth above, this Court can take judicial notice of the contents of that court order. While allegations in the Complaint are typically afforded an assumption of truth, "there is a narrow exception…for factual assertions that are contradicted by…facts of which the court may take judicial notice." *Perry v. NYSARC, Inc.*, 424 Fed. Appx. 23, 25 (2d Cir. N.Y. 2011). Thus, the allegations that all of the Besen Defendants were hired to manage and/or oversee the buildings are not entitled to an assumption of truth. The Besen Group, Besen Retail LLC, Besen Capital LLC, Besen Residential LLC, Besen Group Investment Realty and Simsi Advisors Inc. were not appointed to manage the properties. *Id.* As these Defendants did not manage the properties, they are not proper defendants and the Complaint should be dismissed as to them.

  C. <u>Improper Use of Group Pleadings</u>

The Complaint should be dismissed as it improperly uses group pleading. Federal Rule of Civil Procedure 8 provides that a defendant is entitled to notice of the claims brought against it. "Mere generalizations as to any particular defendant—or even defendants as a group—are insufficient….Plaintiffs must be able to separately state a claim against each and every defendant joined in this lawsuit." *In re Zinc Antitrust Litig.*, 155 F. Supp. 3d 337, 384 (S.D.N.Y. 2016). "The fact that two separate legal entities may have a corporate affiliation—perhaps owned by the same holding company—does not alter this pleading requirement." *In re Aluminum Warehousing Antitrust Litig.*, 2014 U.S. Dist. LEXIS 121435 (S.D.N.Y.), *129-130 (Aug. 29, 2014, Forrest, J.); *see also F.T.C. v. Tax Club, Inc.*, 994 F. Supp. 2d 461, 469 (S.D.N. Y. 2014) (internal citation omitted) ("pleadings are required to specify 'which defendant is alleged to have committed a particular…act.'"); *Holmes v. All State Corp.*, 2012 U. S. Dist. LEXIS 24883 (S.D.N.Y.), *78 (Jan. 27, 2012, Freeman, J.) ("Plaintiffs' failure to differentiate among the

11

[defendants], so as to allege the nature of each particular defendant's misconduct, has resulted in a failure by Plaintiffs to give each defendant 'fair notice' of Plaintiffs' claims and 'the grounds upon which [they] rest[]'…."); *Am. Sales Co. v. AstraZeneca AB*, 2011 U.S. Dist. LEXIS 41182 (S.D.N.Y.), *14 (Apr. 14, 2011, Castel, J.), *quoting In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007) ("A complaint should offer 'specification' as to the 'particular activities by any particular defendant.'").

Throughout the Complaint, Plaintiff grouped the Defendants together.  For example, in paragraph 3 of the Complaint alleges:

> These claims are charged against Plaintiff's former employers New York City Management LLC; City Property Management; New York City Property Management LLC; City Property Management & Development, Inc. (collectively, "NYC Management"); Simsi Advisors, Inc.; Aimco; Aimco Properties; Aimco, Inc. (collectively, "Aimco"); Hamilton Heights; Hamilton Heights Clusters; Hamilton Heights Cluster Associates, L.P.; Hamilton Heights Associates LP (collectively, "Hamilton Heights"); The Besen Group; Besen Group Investment Realty; Besen Retail LLC; Besen & Associates Inc.; Besen Capital LLC; and Besen Residential LLC  collectively, "Besen") (collectively, "Defendant Companies")….

Then, throughout the Complaint, the Plaintiff makes reference to "Defendant Companies," NYC Management" and "Besen."  (*See* Exhibit "A," ¶¶ 40-43, 81, 82, 182-186.)  Similarly, many of the allegations are as to "Defendants" as an entire group, instead of allegations just as to a particular defendant.  (*See* Exhibit "A," ¶¶ 84, 87-90, 97, 107, 119, 122, 157, 168, 170-175, 182-188, 198, 200, 202, 204, 206, 208, 216-220.)  By grouping all of the defendants, or subgroups thereof, together, Plaintiff has failed to give each defendant fair notice of his claims and the grounds upon which they rest.  Accordingly, the entire Complaint should be dismissed.

In addition to the general insufficiency caused by group pleadings, the practical result is that Plaintiff has failed to allege sufficient facts to state a claim as to each specific Defendant.

For example, each of the statutes at issue in the Complaint require companies to employ a certain amount of people in order to be considered an employer under that statute. Here, Plaintiff alleges that "Defendant Companies employed over 75 workers." (Exhibit "A," ¶ 40.) Plaintiff does not allege, as is required, that each defendant employs a sufficient number of people to bring them under the ambit of the various statutes. By failing to allege facts necessary to establish that Plaintiff has satisfied these statutory thresholds, the Complaint must be dismissed in its entirety.

D. <u>Failure to State a Claim Under the Rehabilitation Act</u>

The First and Second Causes of Action should be dismissed as to the Besen Defendants. "Under the Rehabilitation Act, a plaintiff must allege facts showing…that the entity in question receives federal funding." *Maccharulo v. Gould*, 643 F. Supp. 2d 587, 601 (2009) (claim dismissed because failed to allege receipt of federal funding). The Complaint makes a bare legal conclusion that "Defendant Companies received some form of federal funding and/or assistance." (Exhibit "A," ¶ 43.) This purely legal conclusion is not entitled to an assumption of truth. *Iqbal*, 129 S. Ct. at 1950. Likely recognizing the insufficiency of such an allegation, the Complaint then sets forth specific allegations as to federal funding received by Defendants Hamilton Heights, Hamilton Heights Associates and Aimco. (Exhibit "A," ¶¶ 44-47.) However, the Complaint contains no factual allegations concerning the receipt of any federal funding and/or assistance by the Besen Defendants. Therefore, the First and Second Causes of Action should be dismissed as to the Besen Defendants.

E. <u>Inconsistent Allegations</u>

The Complaint contains numerous inconsistent allegations to which Defendants cannot respond. For example, the Complaint alleges that the various Defendant Companies are d/b/a's

of the others. (Exhibit "A," ¶¶ 9, 10, 33-36.) However, the Complaint then makes various allegations as to only specific defendants or groups of defendants. Defendants cannot simultaneously be separate and distinct entities taking separate actions and d/b/a's of each other. Also, the Complaint alleges that Plaintiff was hired by Hamilton Heights Clusters in or around August 2010, but nonetheless alleges that he received his first pay check from Defendants in or around July 2015. *Id.* at ¶¶ 65, 67, 98. Also, the Complaint alleges that Plaintiff was hired by Hamilton Heights Clusters in or around August 2010 and that Defendants Besen and NYC Management were not hired until July 2015. (Exhibit "A," ¶¶ 65, 67, 81, 82.) However, despite this five year gap before Plaintiff alleges the Besen Defendants became involved, the Complaint nonetheless alleges that "Defendants" as a group set his schedule, gave him his assignment, and supervised him, etc. *Id.* at ¶¶ 87-89. While allegations in the Complaint are typically afforded an assumption of truth, "there is a narrow exception…for factual assertions that are contradicted by the complaint itself…." *Perry*, 424 Fed. Appx. at 25. All of these inconsistent allegations strip the Complaint of its entitlement to an assumption of truth and thus it should be dismissed.

F. <u>No Individual Liability</u>

The First, Second, Third, and Fourth Causes of Action should be dismissed as to Michael Besen, Sanjay Gandhi and Nancy Black as there is no individual liability under the Rehabilitation Act or ADA. "Individuals may not be held liable, in either a personal capacity or an official capacity, under the Rehabilitation Act." *Darcy v. Lippman*, 2008 U.S. Dist. LEXIS 18170 (S.D.N.Y.), *11 (Mar. 7, 2008, Wood, J.), *citing, inter alia, Harris v. Mills*, 478 F. Supp. 2d 544, 547-48 (S.D.N.Y. 2007). In employment discrimination and retaliation cases, federal district courts in the Southern District of New York have found "no authority that would allow [them], on equitable grounds, to circumvent this rule." *Id.*; *see also Warmin v. New York City*

*Dept' of Educ.*, 2018 U.S. Dist. LEXIS 47518 (S.D.N.Y.), *31 n.10 (Mar. 22, 2018, Failla, J.) (finding no individual liability for retaliation claims under the Rehabilitation Act). The same applies to employment discrimination and retaliation claims under the ADA. *See Nelson v. City of New York*, 2013 U.S. Dist. LEXIS 117742 (S.D.N.Y.), *47 (Aug. 19, 2013, Oetken, J.); *Spiegel v. Schulmann*, 604 F.3d 72, 79 (2d Cir. 2010) (finding that "the retaliation provision of the ADA . . . cannot provide for individual liability."); *Warmin*, 2018 U.S. Dist. LEXIS at *31 n.10 (same). As there can be no individual liability under the Rehabilitation Action or the ADA, the First, Second, Third, and Fourth Causes of Action should be dismissed as to Michael Besen, Sanjay Gandhi and Nancy Black.

### G. Failure to State Claims in Violation of FMLA

The Complaint includes three claims under the FMLA – interference, discrimination and retaliation. (Complaint, Fifth, Sixth & Seventh Causes of Action.) The FMLA prohibits two types of conduct – interfering with the exercise of one's rights under the statute and discriminating against someone "for opposing any practice made unlawful" by the statute. 29 U.S.C. § 2615. The prohibition on "discrimination" under the FMLA is akin to a traditional retaliation claim; there is no separate prohibition on "retaliation" under the FMLA. Accordingly, Plaintiff cannot pursue both a claim for discrimination and retaliation under the FMLA. *Alexander v. Bd. of Educ. of City Sch. Dist. of New York*, 107 F. Supp. 3d 323, 328 (S.D.N.Y. 2015) ("[a] plaintiff may advance a cognizable claim for FMLA violations . . .under two distinct theories: 'interference' and 'retaliation.'"). Thus, either the Sixth or Seventh Causes of Action should be dismissed.

All three causes of action under the FMLA re based on the exact same conduct. Plaintiff alleges that Defendants both interfered with his rights and discriminated against him by "not

accommodating Plaintiff's disabilities; replacing Plaintiff with a non-disabled employee during Plaintiff's medical leave; terminating Plaintiff's employment; not curing dangerous conditions in Plaintiff's residence…." (Exhibit "A," ¶¶ 276, 282.) Similarly, Plaintiff alleges that Defendants retaliated against him by "not accommodating Plaintiff's disability/impairment; not permitting Plaintiff to have requested time off from work for medical reasons; and terminating Plaintiff's employment." *Id.* at ¶ 290. Plaintiff cannot make out three separate claims for violation of the FMLA based on the same conduct. Therefore, two of the three claims under the FMLA should be dismissed.

V.  CONCLUSION

For all of the foregoing reasons, the Complaint should be dismissed.


Dated: May 25, 2018
New York, New York

                        Respectfully submitted,

                             */s/ Stacey L. Pitcher*
                        Stacey L. Pitcher
                        Dove A.E. Burns
                        Obermayer Rebmann Maxwell & Hippel, LLP
                        360 Lexington Avenue, 13th Floor
                        New York, NY 10017
                        (646) 656-0513
                        dove.burns@obermayer.com
                        stacey.pitcher@obermayer.com

## **CERTIFICATION**

I hereby certify that a copy of the above was mailed or electronically delivered on this 25th day of May 2018 to all counsel and self-represented parties of record.

I also certify that the foregoing memorandum contains 3,516 words and thus comports with the Court's 7,000 word limit.

*/s/ Stacey L. Pitcher*
Stacey L. Pitcher
