USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-4-19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NICHOLAS NESBETH,

      Plaintiff,

- against -

NEW YORK CITY MANAGEMENT LLC ET AL.,

      Defendants.

17 Civ. 8650 (JGK)

MEMORANDUM OPINION
AND ORDER

---

JOHN G. KOELTL, District Judge:

  The plaintiff, Nicholas Nesbeth, alleges that each and every one of the twenty-one defendants named in this action violated several state and federal statutes by: (1) discriminating against him on the basis of his disabilities and failing to accommodate those disabilities; (2) failing to cure defects in his residence, which was part of one of the defendants' housing developments; (3) failing to pay him overtime compensation and misclassifying him as an independent contractor; and by (4) retaliating against him in various ways for complaining about the violations alleged.

  The defendants are categorized as follows:

- New York City Property Management LLC; Simsi Advisors, Inc.; Besen Group; Besen Group Investment Realty; Besen Retail LLC; Besen & Associates Inc.; Besen Capital LLC; Besen Residential LLC; Michael Besen; Sanjay Gandhi; and Nancy Black constitute the "Besen defendants";

- Hamilton Heights; Hamilton Heights Clusters; Hamilton Heights Cluster Associates, L.P.; and Hamilton

Heights Associates LP constitute the "Hamilton Heights defendants";

- Aimco; Aimco Properties, L.P.; and Aimco Inc. constitute the "Aimco defendants"; and
- New York City Management LLC; City Property Management; and City Property Management & Development, Inc., constitute the "City Management defendants."

The Besen defendants and Hamilton Heights defendants move to dismiss the plaintiff's complaint under Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted. The Aimco defendants move to dismiss the complaint under Rule 12(b)(5) for insufficient service of process. The City Management defendants have not answered or moved to dismiss the complaint.

I.

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550

2

U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." Id. When presented with a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, or matters of which judicial notice may be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002).

## II.

The plaintiff was hired as a porter in August 2010 by one of the Hamilton Heights defendants. Compl. ¶¶ 64-65. Because the Hamilton Heights defendants were involved in legal disputes, in July 2015 a court appointed the other groups of defendants as receivers to oversee the business of the Hamilton Heights defendants. Id. ¶¶ 79-84. The plaintiff cleaned buildings belonging to – or managed, operated, or overseen by – the

3

defendant companies. Id. ¶ 71. The individual defendants, which are part of the Besen group of defendants, supervised the plaintiff. Id. ¶¶ 102, 154, 184.

The plaintiff's complaint totals nearly 400 paragraphs, runs forty-five pages, and alleges sixteen causes of action against each and every one of the twenty-one defendants under seven different state and federal statutes. There is little coherence to the allegations, which are scattered throughout the complaint without an apparent organizing principle. The operative allegations, which inform the plaintiff's sixteen claims, are summarized as follows.

The plaintiff first alleges that, in November 2015, he suffered a work-related eye injury exacerbating an underlying eye disease, rendering him disabled. Id. ¶¶ 124-28. His injury required medical leave beginning in late January 2016. Id. ¶¶ 141-44. In early February 2016, during his medical leave, the plaintiff suffered a back injury after the defendants requested that he assist in removing snow from the defendants' premises. Id. ¶¶ 145-51. The plaintiff claims that he notified the defendants of his disabilities related to these injuries, id. ¶¶ 129-43, 151, and that the defendants denied him reasonable accommodation for – and in various ways discriminated against him due to – these disabilities. The plaintiff further alleges

4

that the defendants have not allowed him to return to work from his medical leave. Id. ¶¶ 175, 187.

Second, the plaintiff alleges that he lives in one of the defendants' residential housing developments, which contains defects such as protruding nails, a weak and sinking floor and sub-floor, a broken and leaking toilet, and a leaking ceiling. Id. ¶¶ 188-96, 215-16. The plaintiff claims that at least one of the defendants was notified of these defects but did not fix them. Id. ¶¶ 197-208. The plaintiff's wife, who is not a party to this case, suffered a foot injury in December 2016 due to one of the complained-of protruding nails. Id. ¶¶ 209-14.

Third, the plaintiff alleges that he worked about sixty-three hours per week and was therefore entitled to overtime compensation. Id. ¶¶ 96-97, 106-07. Despite notifying his supervisors of his entitlement to overtime compensation, the plaintiff claims that he was denied such compensation. Id. ¶¶ 100, 107, 117, 123. Moreover, the plaintiff alleges that he was misclassified as an independent contractor rather than an employee, and that he brought that to his supervisors' attention. Id. ¶¶ 162, 164, 170, 177.

Finally, the plaintiff alleges that the defendants retaliated against him because in 2016 he filed claims against the defendants with the New York State Division of Human Rights and with the Equal Employment Opportunity Commission, and

5

because he complained to his supervisors about the violations alleged in this case. See id. ¶¶ 52-59, 190, 240. According to the plaintiff, the defendants' retaliation took varying forms, including not reasonably accommodating his disabilities, replacing him with a nondisabled employee during his medical leave, terminating his employment, and not curing the defects in his residence. Id. ¶ 240.

### III.

The Hamilton Heights defendants and the Besen defendants assert that the plaintiff's complaint does not comply with Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he purpose of Rule 8(a)(2) is to give fair notice of a claim and the grounds upon which it rests so that the opposing part[ies] may identify the nature of the case, respond to the complaint, and prepare for trial." Elektra Entm't Grp., Inc. v. Barker, 551 F. Supp. 2d 234, 238 (S.D.N.Y. 2008) (quotation marks omitted).

Moreover, "[i]t is well-established in this Circuit that plaintiffs cannot simply lump defendants together for pleading purposes," and that "Rule 8(a) is violated where a plaintiff, by engaging in group pleading, fails to give each defendant fair notice of the claims against it." See Canon U.S.A., Inc. v. F &

6

E Trading LLC, No. 15cv6015, 2017 WL 4357339, at *7 (E.D.N.Y. Sept. 29, 2017) (quotation marks and citation omitted). That separate legal entities might share a corporate affiliation does not alter the requirement of pleading in a manner that provides fair notice to each defendant of the claims against it. See Lepore v. NL Brand Holdings LLC, No. 16cv8115, 2017 WL 4712633, at *7 (S.D.N.Y. Sept. 28, 2017).

The plaintiff's complaint is not short and plain, and it fails to provide fair notice of which claims pertain to which defendants. Throughout its nearly 400 paragraphs, it rarely specifies which defendant engaged in what conduct. Rather, most of the allegations ambiguously state that the "defendants," in the collective, carried out the alleged misbehavior. However, taking examples from the complaint, all of the twenty-one defendants could not have hired a porter in the plaintiff's place during the plaintiff's medical leave, Compl. ¶ 157; or all have requested that the plaintiff remove snow from their premises during his medical leave, id. ¶ 147; or all have made excuses for not permitting the plaintiff to return to work after his medical leave, id. ¶ 175. Indeed, some of the alleged defendants, the Hamilton Heights and Besen defendants argue, do not exist.

As another example of the complaint's failure to provide fair notice, on several occasions the complaint states that "at

7

least one of the defendants" was notified of the defects in the plaintiff's residence. The complaint leaves it at that, not clarifying which defendant, or how many defendants, were given such notice. The complaint also does not specify which defendant owns or operates the housing development in which the plaintiff resides.

Nevertheless, the complaint states that each and every one of the twenty-one defendants separately violated each of the seven statutes cited in the complaint, and thus are liable under each of the sixteen causes of action pleaded. The plaintiff's complaint even lodges claims not applicable to individuals against all of the defendants, not distinguishing between the individual defendants and the corporate defendants. See Opp'n at 21 (tacitly acknowledging that the claims brought under two of the federal statutes are not viable against individuals by offering to stipulate that the claims are only directed toward the defendant companies). In short, the complaint does not provide fair notice to any defendant as to which claims are brought against it and the grounds on which any of the claims rest. Therefore, the motions to dismiss filed by the Hamilton Heights defendants and the Besen defendants are **granted,** and the plaintiff's complaint with respect to these two groups of defendants is **dismissed without prejudice.**

The City Management defendants did not move to dismiss the complaint. However, courts may dismiss a complaint sua sponte for noncompliance with Rule 8(a)(2) when "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995) (quotation marks and citation omitted). The substance of the complaint and its claims, as they relate to the City Management defendants, are ambiguous and disguised so as to warrant sua sponte dismissal. It is unclear what conduct the City Management defendants allegedly engaged in, and which of the plaintiff's claims apply to them. Moreover, the plaintiff alleges that two of the three City Management defendants (all but City Property Management & Development, Inc.) were doing business as the Besen Group (which is one of the Besen defendants) and, as noted above, the complaint is deficient under Rule 8(a)(2) as to the Besen defendants. See Compl. ¶¶ 8, 10. Accordingly, with respect to the City Management defendants, the plaintiff's complaint is **dismissed without prejudice.**

### IV.

The Aimco defendants contend that the plaintiff has failed to serve them in a timely manner under Federal Rule of Civil Procedure 4(m), and therefore the complaint against them must be dismissed under Rule 12(b)(5). The Aimco defendants, which are

9

based in Denver, Colorado, assert that the plaintiff only served an unrelated entity, Aimco, Inc., which has a Plainview, New York address. According to the Aimco defendants, they have no relation to this case - rather, they once owned two buildings near the buildings that the plaintiff serviced, which they sold about seven years before any of the conduct relevant to this case took place. See Aimco Defs.' Ex. D at ¶¶ 3-5.

"When a defendant raises a Rule 12(b)(5) challenge to the sufficiency of service of process, the plaintiff bears the burden of proving its adequacy." Mende v. Milestone Tech., Inc., 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003) (quotation marks omitted). Rule 4(m) provides that, where service is not made within ninety days after the complaint is filed, the Court must dismiss the action without prejudice unless good cause is shown for an extension of time to serve. "Where subsequent service of a complaint upon the defendant[s] would be futile, the Court need not dismiss the action against [those] defendant[s] without prejudice and may instead dismiss it with prejudice." Ferrer v. Superintendent Orange Cty. Jail, No. 08cv6527, 2010 WL 306977, at *3 (S.D.N.Y. Jan. 26, 2010) (citing Mende, 269 F. Supp. 2d at 252), Report and Recommendation adopted, 08cv6527 Dkt. No. 26. Moreover, "materials outside the pleadings may be considered without converting a motion to dismiss for insufficient service of process, under Rule 12(b)(5), into a motion for summary

judgment." Tolliver v. Lilley, No. 12cv971, 2014 WL 6455752, at *4 (S.D.N.Y. Oct. 24, 2014).

In this case, the record plainly shows that the Aimco defendants were not served - only the unrelated Aimco entity with a Plainview, New York address was served. Indeed, the plaintiff does not claim to have served the proper Aimco defendants in a timely manner and requests a thirty-day extension of time to serve them. The plaintiff contends that an extension is warranted because he delayed service at the Aimco defendants' request to give them time to gather and provide documents corroborating their contention that they were not involved in this case. However, the plaintiff has not shown that the Aimco defendants have any relation to this case at all. To the contrary, the materials provided by the Aimco defendants belie any involvement. See, e.g., Aimco Defs.' Exs. C & H. The plaintiff's request for an extension of time to serve the Aimco defendants is **denied**. See Hahn v. Office & Prof'l Emps. Int'l Union, AFL-CIO, 107 F. Supp. 3d 379, 382 (S.D.N.Y. 2015) ("[W]here the allegations against the defendant fail to state a viable claim, an extension [under Rule 4(m)] would be futile and should not be granted.").

Because the plaintiff has not served the Aimco defendants or demonstrated that the named Aimco defendants have any relation to this case, the Aimco defendants' motion to dismiss

is **granted**, and the plaintiff's complaint, with respect to the Aimco defendants, is **dismissed with prejudice**.

The Aimco defendants also move for sanctions against the plaintiff under Federal Rule of Civil Procedure 11 for refusing to dismiss the Aimco defendants from this case despite their repeatedly indicating to the plaintiff that they were not involved in any aspect of this case. The plaintiff has not responded to this motion for sanctions.

"A pleading or motion violates Rule 11 if it is frivolous, legally unreasonable, or factually without foundation, even though not signed in subjective bad faith. Whether to award sanctions pursuant to Rule 11 is subject to the Court's discretion. District courts generally have wide discretion in deciding when sanctions are appropriate, although such discretion must be made with restraint." ED Capital, LLC v. Bloomfield Inv. Res. Corp., 316 F.R.D. 77, 81 (S.D.N.Y. 2016) (quotation marks and citations omitted).

In this case, although the plaintiff's investigation into which Aimco entities were the proper defendants was lacking, there were enough indications that the plaintiff sued the proper defendants such that sanctions are not warranted. The Aimco defendants owned two buildings in the area in which the plaintiff worked, and sold the buildings to Hamilton Heights Associates, L.P. Aimco Defs.' Ex. D at ¶ 5. Further, although

the Aimco defendants provided the plaintiff with evidence that they sold the buildings in 2003 and have since had no involvement in any conduct relevant to the case, the plaintiff's belief that the evidence did not absolve the Aimco defendants is not so unreasonable as to warrant sanctions. The Aimco defendants' motion for Rule 11 sanctions is **denied**.

### V.

The Besen defendants contend that the court that appointed them as a receiver to manage the Hamilton Heights properties has not granted the plaintiff leave to sue them, and therefore this Court has no jurisdiction over them in this suit. However, 28 U.S.C. § 959 provides that "[t]rustees, receivers or managers of any property, including debtors in possession, may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property." The plaintiff has sued the Besen defendants for conduct related to their carrying on business connected with the properties they manage. Accordingly, § 959 does not divest this Court of jurisdiction over the Besen defendants. The cases cited by the Besen defendants to support their argument to the contrary are distinguishable. See In re Lehal Realty Assocs., 101 F.3d 272, 276 (2d Cir. 1996) (holding that 28 U.S.C. § 959 did not apply because the bankruptcy trustee conducted "no business connected with the property other than to perform

13

administrative tasks necessarily incident to the consolidation, preservation, and liquidation of assets in the debtor's estate"); Capitol Terrace, Inc. v. Shannon & Luchs, Inc., 564 A.2d 49, 52 (D.C. 1989) (stating that a suit may be brought against a receiver without leave from the appointing court when, as in this case, it is "expressly authorized by the statute"). Moreover, nothing in the appointing court's order requires the plaintiff to seek leave from that court to bring this action. See generally Besen Defs.' Ex. B.

Incredibly, the plaintiff has requested sanctions against the Besen defendants under Federal Rule of Civil Procedure 11 for making this argument. That request is **denied**. At the very least, a motion for Rule 11 sanctions must be brought in a separate motion, which must be served but not filed or presented to the Court before the other party has had twenty-one days to withdraw the allegedly offending pleading or correct the allegedly offending conduct. Fed. R. Civ. P. 11(c)(2). The plaintiff did not follow this procedure.

## VI.

Finally, both the Besen defendants and the Hamilton Heights defendants claim that the plaintiff has sued a number of Besen and Hamilton Heights entities that do not exist. The plaintiff can take Federal Rule of Civil Procedure 30(b)(6) depositions to determine whether this is true, and to determine which entities

14

do and do not exist. The plaintiff must complete the Rule 30(b)(6) depositions within **thirty (30) days** of the date of this opinion and file any amended complaint within **fifteen (15) days** after the completion of those depositions, and, in any event, within **forty-five (45) days** of the date of this opinion.

**CONCLUSION**

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the reasons explained above, the motions to dismiss filed by the Besen defendants, Hamilton Heights defendants, and Aimco defendants are **granted**. The plaintiff's complaint is **dismissed without prejudice** with respect to the Besen defendants and the Hamilton Heights defendants and **dismissed with prejudice** with respect to the Aimco defendants. The complaint is also **dismissed without prejudice** with respect to the City Management defendants. The plaintiff's request for sanctions is **denied**. The Aimco defendants' motion for sanctions is also **denied.**

The plaintiff may take Rule 30(b)(6) depositions of the relevant Besen defendants and Hamilton Heights defendants to determine whether any of the entities in this case do not exist and to determine which defendants are allegedly liable for the actions about which the plaintiff complains. The Rule 30(b)(6) depositions must be completed within **thirty (30) days** of the

date of this opinion. The plaintiff must then file his amended complaint within **fifteen (15) days** of completing his Rule 30(b)(6) depositions, and, in any event, within **forty-five (45) days** of the date of this opinion.

The Clerk is directed to close all pending motions.

**SO ORDERED.**

**Dated:** New York, New York
January 4, 2019

/s/ John G. Koeltl
John G. Koeltl
United States District Judge