The contents of this letter will be addressed at the conference scheduled for February 14, 2020.

The Clerk of Court is respectfully directed to close the Motion at ECF No. 228.

SO ORDERED    2/10/2020

*Sarah Cave*
SARAH L. CAVE
United States Magistrate Judge



Obermayer Rebmann Maxwell & Hippel LLP
521 Fifth Avenue | 34th Floor
New York, NY 10175
P: 212.922.9182
F: 917.994.2545

February 7, 2020

Honorable Sara L. Cave
U.S. District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

> Re:   Nicholas Nesbeth v. New York City Management, LLC, et al
>        Docket No.: 1:17-cv-08650-ER

Dear Judge Cave:

In accordance with Your Honor's January 29, 2020 Order (Doc. 225), Defendants jointly submit this letter outlining the deficiencies in Plaintiff's discovery responses.

As set forth more fully below, Defendants identify numerous deficiencies in Plaintiff's discovery responses. In Defendants' view, the requested discovery falls into two categories: (1) discovery that will assist the parties in continuing a productive settlement discussion on February 21, 2020 ("Category 1"); and (2) discovery that is necessary to litigate the dispute should the matter not resolve ("Category 2"). In the interest of efficiency and judicial economy, Defendants propose that the Court address the Category 1 discovery, and schedule a telephone conference after the Settlement Conference to address Category 2 discovery should the matter not resolve. With regard to Category 1, there are only two categories of documents that Defendants believe are necessary to resolve in advance of the settlement conference. Those items include: (A) documents showing what income the Plaintiff has earned since January 18, 2016; and (B) documents showing what income the Plaintiff earned from other sources from 2010 through 2016.

Documents showing the income Plaintiff has earned since January 18, 2016 are directly relevant to Plaintiff's claim for lost wages. Documents showing the income Plaintiff earned from other sources while he worked for the Defendants is relevant for two main reasons. First, Plaintiff's resume states that he started working for Metro North in February 2016, however, Plaintiff's counsel claims that Plaintiff had been working for Metro North throughout his employment with Defendants. Thus, in order to assess Plaintiff's lost wages, Defendants need the earnings records to compare the income before and after he stopped working for Defendants. Second, one of the main issues in this case is the number of hours per week that Plaintiff worked

for Defendants. Being able to assess how much time Plaintiff spent working for other employers goes to whether a jury is likely to believe that Plaintiff worked 72 hours per week for Defendants and also worked X number of hours per week at a second job. Therefore, Defendants request that Plaintiff be ordered to produce records showing what he has earned since he stopped working for Defendants and what he earned from other sources while working for Defendants.

While Defendants do not believe that any of Plaintiff's other deficiencies need to be resolved in advance of the settlement conference, to preserve the record and reserve their right to raise the remaining discovery deficiencies, Defendants separately state the following:

**Besen Defendants**

The Besen Defendants served interrogatories and requests for production on the Plaintiff on November 7, 2019. Thus, Plaintiff's responses were due by December 7, 2019. While Plaintiff provided document production directed to all Defendants on December 3rd, Plaintiff did not provide any objections or written responses to the Besen Defendants' discovery requests until January 7, 2020. (Exhibit A.) In addition to being untimely, there are a number of deficiencies in Plaintiff's specific objections and responses.

Good Faith Efforts

Counsel for the Besen Defendants sent correspondence to Plaintiff's counsel on January 27, 2020, specifically outlining the deficiencies in Plaintiff's objections and responses and requesting a response by February 3, 2020. (Exhibit B.) To date, Plaintiff has failed to even respond.

Waived Objections

Plaintiff's responses to the discovery served by the Besen Defendants were due by December 3rd, but were not served until January 7th, approximately 35 days after they were due. While those responses were dated December 3rd, throughout there are statements such as "which were previously produced to Defendants in early December, 2019." Moreover, Plaintiff's counsel acknowledged on January 7, 2020, in an e-mail to defense counsel, that the responses provided in response to the Besen Defendants' discovery requests were changed from those produced in response to the other defendants' requests. (Exhibit C.) In addition, Mr. Nesbeth did not sign a Verification for his responses to the Besen Defendants' requests until January 8, 2020. Thus, it should be clear that, while dated December 3rd, the Plaintiff did not prepare or serve objections and/or responses to the specific requests served by the Besen Defendants until January 2020.

In the Southern District, when a party fails to timely respond to an opposing party's discovery demands, they are deemed to have waived all objections to said demands. *See Rahman v. Smith & Wollensky Rest. Grp., Inc.*, 2008 U.S. Dist. LEXIS 741 (S.D.N.Y.) (Jan. 07, 2008, *Francis M.J.*) (holding that defendants failure to timely respond to plaintiff's discovery

demands waived all objections to the plaintiff's requests). Therefore, Plaintiff waived any and all objections to the Besen Defendants' discovery demands and should be ordered to supplement the responses to withdraw all objections.

Specific Deficiencies

There are a number of deficiencies in Plaintiff's objections and responses. They are outlined in detail in the deficiency letter sent to counsel. (Exhibit B.) Accordingly, Besen Defendants hereby incorporate the deficiencies set forth therein. However, in general, the deficiencies include: failure to identify any individuals in response to the interrogatories; citing between 77 and 192 pages in response to all of the document requests, rather than identifying the responsive pages, and where frequently, none of the documents cited are actually responsive; objecting to every single document request on the grounds of privilege and that the documents are in Defendants' possession or are more readily available to Defendants; in some instances citing to the Amended Complaint, rather than indicating that there are no responsive documents; refusing to produce documents concerning other persons who performed work at the subject properties (which is necessary to pin down the universe of people who can testify as to the time Plaintiff worked at the properties); refusing to produce documents that he might have obtained or have access to from his wife; refusing to produce documents concerning the eviction action when it is Plaintiff who continues to maintain its relevance; and objecting to certain requests as being "overly vague and ambiguous," but not explaining how.

**Hamilton Heights Cluster Associates L.P.**

HHCA LP has similar concerns regarding Plaintiff's responses as those set forth by the Besen Defendants. With regard to Plaintiff's interrogatory responses, Plaintiff's responses fail to identify the witnesses and location of documents where requested. Plaintiff objects to requests seeking identity of witnesses and documents as outside the scope of Local Rule 33, for overbreadth, and that the information should be in Defendant's possession, or are "patently irrelevant." (See, Exhibit D, Plaintiff's Objections and Responses to HHCA LP's Interrogatory Responses 2, 4, 5, 6, 7, 8, 9, 11, 15 and 16).

With regard to Plaintiff's response to Defendant HHCA LP's document requests, Plaintiff refers Defendant to documents; however, the documents do not appear to be responsive and it is unclear whether documents exist. (See, Exhibit D, Document Request Nos. 13-25, 27-40 and 42). In addition, Plaintiff objected to every single document request on the ground that the documents are in Defendants' possession or are more readily available to Defendants. The Partnership is entitled to know what documents are in Plaintiff's possession. Therefore, these objections are improper. Moreover, such objections are incorrect as to some of the requests. For example, Request Nos. 10 and 11 request documents pertaining to Plaintiff's medical treatment, which would not be more readily available to Defendants. Similarly, Request No. 7 requests information regarding Plaintiff's income since February 2016, which is not information that would be in Defendants' possession. Plaintiff objected to every single document request on the

ground that they are privileged. If Plaintiff possesses responsive documents that he believes are privileged, he must produce a privilege log.

Plaintiff has not provided documents responsive to Requests Nos. 7, 8 and 9. This matter includes claims of wage and hour violations. HHCA LP is seeking information to confirm what Plaintiff was paid during the period that he worked at the buildings. HHCA LP requested all records of payments made to Plaintiff from any of the Defendants, and other sources, for the period August 2010 to present, including pay stubs, bank statements, tax returns, W-2's and 1099s (Request Nos. 7, 8, and 9). Plaintiff provided services at the Buildings for approximately six (6) years. In discovery, Plaintiff produced copies of approximately nine checks. Plaintiff has not provided any further paystubs or bank statements, and has not provided IRS Form W-2 or 1099s or tax returns for the applicable years. Plaintiff claims that his work for other employers is patently irrelevant, however, as discussed above, it is relevant to the allegations of lost income.

Under Rule 26(b) of the Federal Rules of Civil Procedure, the scope of discovery is limited to "non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," where "the burden of the proposed discovery" is not "outweigh[ed] [by] its likely benefit." Fed. R. Civ. P. 26(b)(l).

With regard for the request for tax returns, Defendant HHCA LP writes to note its request for tax returns, but acknowledges that the request may be premature, and is willing to await a decision on the need for Plaintiff's tax returns to a date following his deposition.

With regard to the request for tax returns, Defendant HHCA LP seeks to confirm the employers for whom Plaintiff worked, and what his income was during the period of his employment. Plaintiff's tax returns are not privileged documents, however, HHCA LP acknowledges that courts are reluctant to order their discovery in part because of the "private nature of the sensitive information contained therein, and in part from the public interest in encouraging the filing by taxpayers of complete and accurate returns." *See Smith v. Bader*, 83 F.R.D. 437, 438 (S.D.N.Y. 1979) (citing *Mitsui & Co. Inc. v. Puerto Rico Water Resources Authority*, 79 F.R.D. 72, 80 (D.P.R. 1978); *Payne v. Howard*, 75 F.R.D. 465, 470 (D.D.C. 1977); *Wiesenberger v. W. E. Hutton & Co.*, 35 F.R.D. 556, 557 (S.D.N.Y. 1964)).

In order to reconcile privacy concerns with liberal pretrial discovery, a two-pronged inquiry must be used when determining whether a party's tax returns should be produced for discovery. *Chen v. Republic Rest. Corp.*, 07 Civ. 3307 (LTS) (RLE), 2008 U.S. Dist. 24000, at *4 (S.D.N.Y. Mar. 26, 2008) (citing *Cooper v. Hallgarten & Co.*, 34 F.R.D. 482, 484 (S.D.N.Y. 1964)). Tax documents should not be provided for discovery purposes unless (1) they appear relevant to the subject matter of the action, and (2) there is a compelling need for the documents because the information contained therein is not otherwise readily obtainable. *Id.* at 4-5 (citing *Smith v. Bader*, 83 F.R.D. 437 (S.D.N.Y. 1979)). *See also Ellis v. City of New York*, 243 F.R.D. 109, 111-112 (S.D.N.Y. 2007). Notably, HHCA LP is not seeking information

regarding Mr. Nesbeth's tax identification number or his wife's income in the event that any joint returns were filed.

In a more typical wage an hour action, Courts have denied defendants' requests for plaintiff's IRS-related records generally on the grounds that the employer has the obligation to maintain records, and there are other means of obtaining the information. Here, however, Defendant HHCA LP relied on managing agents, who, for reasons that have been discussed with the Court are not in possession of records. Thus, there is a compelling need in this case to request from Plaintiff further information regarding payments to plaintiff, that are not present in other actions.

### **Urban Green**

Urban Green joins in the concerns raised by the other defendants regarding Plaintiff's discovery deficiencies. We also note that Plaintiff's recent letter to the Court, which purported to set out concerns regarding Urban Green's discovery responses, was incorrect in several material respects. This letter is not the place to detail those points, but we would not want to have the Court come away with the impression that Urban Green agreed with Plaintiff's characterization of Urban Green's own discovery responses.

### **Safeguard**

Safeguard Realty Management, Inc. ("Safeguard") voices many of the same concerns regarding the deficiencies in Plaintiff's document production as those voiced by HHCA LP. Specifically, Plaintiff lodged the Eighth, Tenth, Twelfth and Thirteenth Causes of Action in his Second Amended Complaint dated, March 8, 2019, seeking damages under the Fair Labor Standards Act and New York Labor Law for alleged wage-related claims, yet has produced scant documentation supporting such claims, especially as against Safeguard. That is, Plaintiff's production of nine (9) checks, without any other paystubs or bank statements, tax returns, or otherwise, is sorely deficient.

Safeguard also joins in the requests of its co-defendants for Plaintiff to produce documentation substantiating Plaintiff's other alleged employment during the subject time period. Plaintiff's production of records showing what he has earned since he stopped working for Defendants and what he earned from other sources while working for Defendants is certainly relevant and Plaintiff has not voiced any meritorious objection thereto.

Very truly yours,

| _/s/ Stacey L. Pitcher_ | _/s/ Laura Juffa_ | _/s/ David V. Mignardi_ | _/s/ Andrew Hayes_ |
|---|---|---|---|
| Stacey L. Pitcher | Laura Juffa | David V. Mignardi | Andrew Hayes |

cc: Laurie E. Morrison, Esq. (via ECF)