UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NICHOLAS NESBETH,

                Plaintiff,

against

NEW YORK CITY MANAGEMENT LLC, et al.,

                Defendants.

CIVIL ACTION NO.: 17 Civ. 8650 (SLC)

**ORDER APPROVING SETTLEMENT**

**SARAH L. CAVE**, United States Magistrate Judge.

    The parties in this wage-and-hour case under the Fair Labor Standards Act ("FLSA") have consented to my jurisdiction under 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for purposes of reviewing their proposed settlement (ECF No. 246), and have now submitted a joint Letter-Motion in support of settlement (ECF No. 225) attaching the proposed settlement agreement for the Court's review approval under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). Courts generally recognize a "strong presumption in favor of finding a settlement fair" in FLSA cases like this one, as courts are not in as good a position as the parties to determine the reasonableness of a FLSA settlement." Souza v. 65 St. Marks Bistro, No. 15 Civ. 327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (citation omitted).

    In addition, should the settlement not be consummated, certain of the Defendants may face difficult financial circumstances exacerbated by the financial downturn resulting from the COVID-19 Pandemic. (ECF No. 255 at 4). These circumstances, therefore, also "militate[] in favor of finding a settlement reasonable." Lliguichuzcha v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013); see also Hart v. RCI Hosp. Holdings, Inc., No. 09 Civ. 3043 (PAE), 2015 WL

5577713, at *10 (S.D.N.Y. Sept. 22, 2015) (significant "risk that plaintiffs would not be able to collect, or fully collect, on a judgment" supported approval of settlement agreement, which "[g]uaranteed recovery from the other two defendants in the event that [one] prove[d] unable to pay the entire settlement amount").]

Having carefully reviewed the joint Letter-Motion in support of settlement, the settlement agreement, and having participated in two lengthy conferences and multiple subsequent telephone conferences with the parties, the Court finds that all of the terms[1] of the proposed settlement, including the allocation of attorneys' fees and costs, appear to be fair and reasonable under the totality of the circumstances and in light of the factors enumerated in Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Accordingly, the Court approves the settlement.

This action is dismissed with prejudice and without costs except as stated in the settlement agreement. The Court will retain jurisdiction to enforce the settlement agreement. Any pending motions are moot. The Clerk of Court is respectfully requested to close ECF No. 255, mark it as "granted," and close this case.

Dated:    New York, New York  
            April 10, 2020

SO ORDERED

_____  
SARAH L. CAVE  
United States Magistrate Judge

---

[1] In finding the terms of the settlement reasonable, the Court construes Plaintiff's agreement, in ¶ 12, to be his agreement not to knowingly seek future employment with Releasees (as defined in the settlement agreement). (ECF No. 255 at 9).